# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SADIE PAGE, WIDOW OF
JOHN W. PAGE JR.,
Claimant Below, Petitioner**

**vs.)   No. 14-0108** (BOR Appeal No. 2048375)
(Claim No. 2000043183)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**OWENS-ILLINOIS, INC.,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sadie Page, widow of John W. Page Jr., by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 7, 2014, in which the Board reversed an April 15, 2013, Order of the Workers' Compensation Office of Judges, and reinstated the claims administrator's January 7, 2011, decision denying Mrs. Page's request for dependent's benefits based on her husband's death. In its Order, the Office of Judges had reversed the claims administrator's decision and granted Mrs. Page dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material

1

misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Page worked as a mechanic for Owens-Illinois, Inc. Throughout the course of his employment, he was exposed to asbestos, and following his retirement in 1994, he filed an application for workers' compensation benefits based on his exposure. Mr. Page's claim was submitted to the Occupational Pneumoconiosis Board, who found that Mr. Page had been diagnosed with a pulmonary malignancy and was receiving chemotherapy. Nevertheless, the Board determined that his pulmonary impairment was not related to occupational pneumoconiosis. The Occupational Pneumoconiosis Board revisited Mr. Page's claim three years later and modified its initial findings. The Board determined that Mr. Page had 60% pulmonary impairment but that only 15% of this impairment was due to his occupational exposure. The Board found that the majority of Mr. Page's pulmonary impairment was related to lung cancer. However, on June 1, 2004, the Board of Review concluded that the Occupational Pneumoconiosis Board was clearly wrong. The Board of Review determined that Mr. Page's lung cancer was related to his occupational exposure to asbestos and granted him a 60% permanent partial disability award for this condition.

On February 6, 2010, Mr. Page passed away. His death certificate attributed his death to small cell lung cancer, and Mrs. Page applied for dependent's benefits based on her husband's death. Mrs. Page's application was considered by the Occupational Pneumoconiosis Board, and it concluded that occupational pneumoconiosis did not contribute in a material degree to Mr. Page's death. On January 7, 2011, the claims administrator denied Mrs. Page's request for dependent's benefits based on the Occupational Pneumoconiosis Board's findings. Gregory J. Fino, M.D., then reviewed Mr. Page's records. He found that Mr. Page was not a smoker and had a history of asbestos exposure. Nevertheless, Dr. Fino did not identify any radiographic evidence of an asbestos related pleural or parenchymal condition. He determined that there was no objective evidence of pneumoconiosis due to asbestos exposure. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. On behalf of the Board, Jack L. Kinder Jr., M.D., stated that there was no positive diagnosis of an asbestos related condition in Mr. Page's records. Dr. Kinder further testified that Mr. Page's 60% pulmonary impairment was related to his malignant lung cancer but that this condition was not caused by his occupational exposure to asbestos. On April 15, 2013, the Office of Judges reversed the claims administrator's decision and granted Mrs. Page's request for dependent's benefits. The Board of Review reversed the Office of Judges' Order on January 7, 2014, and reinstated the claims administrator's decision, leading Mrs. Page to appeal.

The Office of Judges concluded that occupational pneumoconiosis contributed in a material degree to Mr. Page's death. It found that the Occupational Pneumoconiosis Board was clearly wrong based on the Board of Review's June 1, 2004, decision. The Office of Judges determined that Mr. Page's lung cancer had caused his death and granted Mrs. Page dependent's benefits based on this finding.

In reversing the Office of Judges' Order, the Board of Review concluded that the Office of Judges was wrong because it disregarded the opinion of the Occupational Pneumoconiosis Board. The Board of Review concluded that the Occupational Pneumoconiosis Board's finding that occupational pneumoconiosis did not materially contribute to Mr. Page's death should have been afforded considerable deference. The Board of Review also found that there was no medical evidence in the record showing that occupational pneumoconiosis contributed to Mr. Page's death.

The decision of the Board of Review is based on a material misstatement of the evidence. Mrs. Page is entitled to dependent's benefits because she has demonstrated that Mr. Page's work-related disease contributed in a material degree to his death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). The evidence in the record shows that Mr. Page was exposed to asbestos at work, and in its June 1, 2004, decision, the Board of Review determined that this exposure caused his lung cancer. The record clearly shows Mr. Page died because of small cell lung cancer. There was sufficient evidence to show that the Occupational Pneumoconiosis Board was clearly wrong in finding that occupational pneumoconiosis did not contribute in a material degree to Mr. Page's death, and the Office of Judges was within its discretion in not relying on the Board's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' April 15, 2013, Order granting Mrs. Page dependent's benefits based on her husband's death.

Reversed and Remanded.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II